# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS GRAVELY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0710** (BOR Appeal No. 2049257)
                      (Claim No. 2012031835)

**GLOBE SPECIALTY METALS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Gravely, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Globe Specialty Metals, Inc., by Jeffrey Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2014, in which the Board affirmed a February 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 24, 2013, decision closing the claim for temporary total disability benefits and the claims administrator's March 8, 2013, decision denying Mr. Gravely's request to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gravely worked as a furnace operator for Globe Specialty Metals, Inc. On April 10, 2012, Mr. Gravely was driving a stoking machine when he backed into another piece of equipment. The claim was held compensable on April 26, 2010, for sprain/strain of unspecified site of back and lumbago. The claims administrator's April 26, 2012, decision also stated that Mr. Gravely was eligible for temporary total disability benefits beginning on April 19, 2012, and to continue as long as medical evidence was received that clearly stated his continued inability to work is due to this injury.

Mr. Gravely had two independent medical evaluations. First, Saghir R. Mir, M.D., completed an independent medical evaluation on September 5, 2012, and opined that Mr. Gravely had not reached maximum medical improvement. Dr. Mir found Mr. Gravely was currently temporarily and totally disabled. Then, ChuanFang Jin, M.D., performed an independent medical evaluation on January 22, 2013, and found Mr. Gravely had a lumbar sprain/strain that was superimposed on pre-existing degenerative lumbar disc disease. Dr. Jin opined that Mr. Gravely has reached maximum medical improvement for the injury in this claim and is probably able to perform sedentary work. The claims administrator closed Mr. Gravely's claim for temporary total disability benefits on January 24, 2013, because it had not received any medical evidence showing that Mr. Gravely was taken back off work due to this work-related injury. Mr. Gravely filed a Claim Reopening Application on February 18, 2013, that stated he was currently not working. Ryan Anderson, PA-C, completed the physician's section and listed the following as current diagnoses: mechanical back injury, degenerative lumbar disc disease, lumbago, and radiculitis. Mr. Anderson found that no aggravation or progression of Mr. Gravely's disability has occurred since he was released to resume employment or was certified as having reached maximum medical improvement. Mr. Anderson opined that Mr. Gravely was currently temporarily and totally disabled. On March 8, 2013, the claims administrator denied Mr. Gravely's request to reopen the claim for temporary total disability benefits based upon the independent medical evaluation of Dr. Jin and found Mr. Gravely had failed to establish that an aggravation or progression of the compensable condition has occurred.

The Office of Judges affirmed the claims administrator's January 24, 2013, and March 8, 2013, decisions. It found that there was no error in the denial of Mr. Gravely's application to reopen the claim for temporary total disability benefits because the application contained non-compensable diagnoses and stated that there has not been an aggravation or progression of the disability since Mr. Gravely was released to resume employment or was certified as having reached maximum medical improvement. The Board of Review affirmed the Order of the Office of Judges.

The Office of Judges determined that out of the conditions listed by Mr. Anderson, on the reopening application, only lumbago has been held compensable. It noted lumbago is a vague and non-descriptive diagnosis and is more properly described as a symptom. The Office of Judges determined that Mr. Gravely was found to have reached maximum medical improvement by Dr. Jin on January 22, 2012. Therefore, the Office of Judges concluded that the claim was appropriately closed for temporary total disability benefits on January 24, 2013. Furthermore, since the reopening application listed non-compensable diagnoses and stated that no aggravation or progression had occurred, the Office of Judges concluded that the application to reopen for temporary total disability benefits was appropriately denied.

This Court agrees with the Board of Review. On the reopening application, Mr. Anderson stated that an aggravation or progression of the disability did not occur. Additionally, the claim cannot be reopened on the basis of the diagnoses listed by Mr. Anderson because all of these conditions, except for lumbago, have not been held compensable. Furthermore, the claim should not be reopened on the basis of lumbago because Dr. Jin found Mr. Gravely had reached maximum medical improvement on January 22, 2013, for the compensable injury and was able to perform sedentary work.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum